```
JOHN W. TOWER, ESQ. SBN106425
LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd, Second Floor
Encinitas, CA  92024
(760) 436-5589 / Fax (760) 479-0570
Towerlawsd@gmail.com

Attorney for Plaintiff Michael A. Grosner, individually
and on behalf of Dominic Grosner
```

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. GROSNER, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>CIGNA BEHAVIORAL HEALTH, INC., a Connecticut corporation; CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut corporation and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: **'22CV157  LAB  AHG**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF ERISA [29 U.S.C. §1132] AND JURY DEMAND** |

Plaintiff certifies that venue is proper in San Diego County as to all Defendants because this is the County in which the obligations of the Defendants under the subject insurance plan were to be performed, where the contract was breached and where the injuries and damages occurred.

Plaintiff alleges as and for his causes of action as follows:

    1.    Plaintiff Michael A. Grosner is the father of Dominic Grosner a minor child and was at all times herein mentioned covered by a healthcare insurance policy

which Plaintiff is informed and believes and thereon alleges was provided, sponsored, supplied, underwritten, administered, drafted and/or implemented by Defendants.

2. Plaintiff is informed and believes and thereon alleges that Defendants CIGNA BEHAVIORAL HEALTH, INC. and CIGNA HEALTH AND LIFE INSURANCE COMPANY (hereinafter jointly "CIGNA") are Connecticut corporations authorized to do and doing insurance business in the County of San Diego, State of California.

3. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 are somehow related to and/or controlled by the named Defendant and are related entities that were somehow involved in the issuing of Plaintiff's policy and/or the handling of Plaintiff's claim described herein. The true names and capacities of the Defendants sued herein under Section 474 of the Code of Civil Procedure as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the events herein referred to and caused the damages hereinafter alleged.

4. Plaintiff is informed and believes and thereon alleges that each Defendant is and was at all times herein mentioned acting as the agent and/or employee of each of the remaining Defendants and at all times acted within the scope and authority of said agency and/or employment.

5. As an employee of MACOM Technology Solutions in San Diego, California, Plaintiff was a subscriber and/or plan participant in the healthcare insurance plan known as the MACOM Technology Solutions Healthcare Plan, policy/plan number 333203 , that Plaintiff is informed and believes and thereon alleges was and is issued, underwritten and administered by Defendants and/or Defendants' predecessor(s)/assignor(s) who wrote the plan, are in possession of same and are familiar with its terms and conditions.  Plaintiff is informed and believes and thereon alleges that the Defendants drafted and/or issued the subject policy/plan and

are completely familiar with all of its terms and conditions. Plaintiff is a plan participant/subscriber and the father of his minor child, Dominic Grosner who is also covered under the plan as a dependent of Plaintiff.

6. While the subject policy/plan was in effect, Plaintiff Dominic Grosner received healthcare treatment which was a covered benefit under the plan for which Plaintiff made proper claims for benefits under the policy. Plaintiff properly ant timely submitted claims in accordance with the provisions of the policy. The Defendants are completely familiar with the claims of Plaintiff's and the plan under which the claims were made.

7. Plaintiff has performed all conditions, covenants and promises required on his part to be performed in accordance with the terms and conditions of the plan policy referred to herein above except, if applicable, those that have been excused and/or waived by Defendants.

8. Within the past year, at San Diego, California, the Defendants breached their contractual and/or fiduciary obligations under the subject plan and violated the provisions of 29 U.S.C. §1132 by failing to honor Plaintiff's claims under the healthcare insurance plan.

9. As a direct and proximate result of the Defendant's breach of contract and violation 29 U.S.C. §1132, Plaintiff has suffered and will continue to suffer damages including loss of policy benefits under the healthcare insurance plan in the amount of $82,985.00 according to proof at the time of trial, together with interest thereon at the legal rate. Plaintiff hereby demands payment of past benefits wrongfully withheld with interest thereon at the legal rate.

10. Pursuant to 29 U.S.C. §1132(g) Plaintiff hereby requests attorney's fees and costs in connection with recovering benefits due and owing from the Defendants. Furthermore, Plaintiff demands a trial by jury as to all issues herein giving rise to such a right.

Complaint for Damages for Violation of ERISA- Grosner v Cigna

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For payment of past policy benefits under the plan according to proof at the time of trial and reinstatement of monthly benefits;

2. For prejudgment interest on contractual benefits wrongfully withheld;

3. For reasonable expenses incurred, including reasonable attorney's fees and other costs related to the collection by Plaintiff of policy benefits wrongfully withheld by the Defendants and/or the reinstatement of Plaintiffs monthly long term disability payments; and

4. For costs of suit incurred herein and for such other and further relief as the Court may deem just and proper.

Dated: February 3, 2022                    LAW OFFICE OF JOHN W. TOWER

                                          By:  *s/ John W. Tower*
                                              JOHN W. TOWER
                                              Attorney for Plaintiff
                                              Michael A. Grosner

## JURY DEMAND

Plaintiff hereby demands a jury for all issues properly giving rise to the right to trial by jury.

Dated: February 3, 2022                    LAW OFFICE OF JOHN W. TOWER

                                          By: *s/ John W. Tower*
                                              JOHN W. TOWER
                                              Attorney for Plaintiff
                                              Michael A. Grosner

Complaint for Damages for Violation of ERISA- Grosner v Cigna